432 P.2d 816

**I. Brian TAYLOR, Plaintiff-Appellant,**

**v.**

**LOVELACE CLINIC, an unincorporated association, Defendant-Appellee.**

**No. 8250.**

Supreme Court of New Mexico.

Oct. 23, 1967.

Robert C. Resta, John B. Speer, Albuquerque, for appellant.

Botts, Botts & Mauney, Gerald R. Cole, Albuquerque, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Suit was brought in the trial court seeking a declaratory judgment determining that an employment contract dated December 12, 1961, was void or in lieu thereof unenforceable, and that a prior claimed contract was the only agreement between the parties. Without a hearing on the merits, the trial court held a hearing on the defense raised by defendant-appellee Lovelace Clinic, that the complaint was barred by the statute of limitations, and dismissed the complaint. Plaintiff-appellant I. Brian Taylor appeals from the order dismissing the complaint.

Appellant, an ophthalmologist, by a second amended complaint alleged that, pursuant to a written offer from appellee,

appellant terminated his practice of medicine in Johannesburg, South Africa, and began employment on the staff of appellee Clinic on December 7, 1961. On December 12, 1961, the disputed contract was executed by the parties, which included a restrictive covenant limiting appellant from practicing medicine in Bernalillo County for three years after termination of his employment with appellee Clinic. The complaint further alleged that appellant left the Clinic on February 20, 1965, and that he would move to Albuquerque sometime in 1966 to practice his profession. While the complaint attacked the contract on several grounds, by stipulation in open court, appellant limited these grounds to: (1) The contract was not supported by consideration; and (2) the contract was signed under economic duress or compulsion.

The answer admitted the written offer, appellant's move to the United States and joining the Clinic; his signing of the covenant as alleged, but denied substantially all of the other allegations. It set up several affirmative defenses, the last being "That Plaintiff's action is barred by the Limitation of Actions provisions of 23–1–4, N.M.S.A." Upon a hearing on this defense, the trial court entered an order finding that the complaint was barred by the limitation provision, supra, and ordered that the complaint be dismissed with prejudice.

Appellant contends that his complaint is not barred by the statute of limitations because said statute does not apply to declaratory judgments seeking to establish a "no-right," and that "He wants the Court to declare that the Clinic has no right to keep him from going where he pleases." Appellant argues that, because he has not breached the covenant not to compete contained in the contract of December 12, 1961, the statute of limitations does not bar his action for a declaration that the covenant is invalid or unenforceable. In support of this argument, appellant relies on Maguire v. Hibernia Savings & Loan Soc., 23 Cal.2d 719, 146

**462**

P.2d 673, 151 A.L.R. 1062; Luckenbach Steamship Co. v. United States (2d Cir. 1963), 312 F.2d 545.

■ Before we consider the question of whether or not the action in the present case is barred by the statute of limitations, we will first determine whether or not the contract of December 12, 1961, was void because of lack of consideration. An examination of the December 12, 1961, contract, and a comparison of this contract with the letter of November 7, 1960, which appellant contends is the agreement governing the terms of employment, reveals sufficient additional provisions, both beneficial and detrimental to each party, to conclude that the contract shows on its face sufficient consideration. Specifically, the following provisions in the contract of December 12, 1961, show sufficient additional considerations to support the contract: (1) That employment may be terminated on thirty days' notice by either party; (2) that the contract was to begin on December 7, 1961, and not in the summer of 1961, as contemplated by the letter of November 7, 1960; (3) that the Clinic was required to pay appellant's travel expenses and appellant was to furnish an automobile in connection with his employment; (4) that a vacation and leave as a clinical trip was provided in accordance with the written Clinic policy; and (5) that the contract indicated employment after December 12th was conditioned on the signing of the contract. See, Restatement of the Law, Contracts, §§ 75, 76 and 81; Barb-Lee Mobile Frame Co. v. Hoot, 416 Pa. 222, 206 A.2d 59; Securities Acceptance Corporation v. Brown, 171 Neb. 406, 106 N.W.2d 456; John L. Bramlet & Company v. Hunt (Tex.Civ. App.1963), 371 S.W.2d 787, writ ref., n. r. e.; Frierson v. Sheppard Building Supply Co., 247 Miss. 157, 154 So.2d 151.

■■■ We cannot agree with appellant's main contention, that the statute of limitations does not apply to a declaratory judgment. Declaratory actions are governed by the same limitations applicable to other forms of relief, since the nature of the right sued upon, and not the form of action or relief demanded, determines the applicability of the statute of limitations. Maguire v. Hibernia Savings & Loan Soc., supra; Leahey v. Department of Water and Power, 76 Cal.App.2d 281, 173 P.2d 69; Dunn v. County of Los Angeles, 155 Cal.App.2d 789, 318 P.2d 795. From an examination of the record, the relief asked for by appellant is that the contract of December 12, 1961, be declared rescinded, cancelled and unenforceable; that the rights of the parties be declared as if the contract never existed; and that appellant then be granted such relief as may be proper under the circumstances. Appellant clearly wants the alleged contract of November 7, 1960, to govern and, therefore, intends to void the contract of December 12, 1961. It thus appears that the nature of the right sued upon is for rescission because of duress. The trial court correctly ruled that the contract, as limited by appellant's stipulation, was barred by § 23-1-4, supra, which provides:

"Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four [4] years."

It has been held that, in an action to cancel because of alleged duress, the same statute of limitations applies as controls in actions based on alleged fraud. 77 A.L.R. 2d 821.

■ Appellant, in support of his position, relies on the following quotation from Maguire v. Hibernia Savings & Loan Soc., supra 23 Cal.2d 719, 146 P.2d 673:

"* * * Thus, if declaratory relief is sought with reference to an obligation which has been breached and the right to commence an action for 'coercive' relief upon the cause of action arising therefrom is barred by the statute, the right to declaratory relief is likewise barred. On the other hand, if declara—

tory relief is sought 'before there has been any breach of the obligation in respect to which said declaration is sought,' or within the statutory period after the breach, the right to such relief is not barred by lapse of time. * * *"

This quotation does not support appellant's position. The record shows that the right appellant asserts is the right to set aside the contract because of duress, which occurred on December 12, 1961, at the time of the signing of the contract. The breach of duty to appellant, if any, occurred on that date and the right for "coercive" relief arose on that date for the breach. The action is now barred because appellant failed to seek his "coercive" relief within four years.

Appellant's final contention is that the order constricting the issues in the case was improper. Appellant does not cite any cases in support of his argument. A summary of the pertinent facts may be helpful. On June 3, 1966, appellant filed objections to appellee's interrogatories. On June 28, 1966, appellant's objections and various other matters were heard and ruled upon by the trial court. No record was made of this hearing. On June 28, 1966, appellee's counsel wrote the trial judge a letter outlining the stipulations of appellant's counsel that he understood had been made at the hearing. On June 30, 1966, appellant's counsel wrote the trial judge stating that he would not stipulate to limiting the complaint; however, the letter did not deny having made the stipulations. On July 12, 1966, the trial court entered an order reciting that, at the hearing on June 28, 1966, appellant's counsel had made certain stipulations as to the assertions of the complaint and that, based upon these stipulations, the complaint was limited to the assertions that the contract was with-

out consideration and that it was signed under economic duress or compulsion. Appellant's counsel approved the order filed on July 12, 1966, limiting the issues without comment.

Appellant argues that the effect of this order would be that, upon remand, the trial court would refuse to consider the allegation contained in paragraph IX of the complaint:

"That said contract bears no real relationship to the protection of any legitimate interest, benefit, or right to the Defendant."

We cannot agree with appellant's argument. This court, in Lovelace Clinic v. Murphy, 76 N.M. 645, 417 P.2d 450, upheld the validity of the identical covenant to which appellant refers against a claim similar to that here asserted, saying:

"All of the physician and surgeon cases either expressly hold or clearly indicate that the rights and duties created by the contract of employment or association are enforceable, if the restrictions thus imposed on the employee or the associate are reasonable. The question of reasonableness is not related to or dependent on the existence of a legally-enforceable right or duty independent of the rights and duties created by the contract of employment or association."

Thus, the trial court's limiting action in the instant case, even as interpreted by appellant, is not prejudicial to appellant.

Finding no error, the judgment is affirmed.

It is so ordered.

CARMODY, J., and OMAN, J., Court of Appeals, concur.