COASTAL STATES GAS PRODUCING
COMPANY, Appellant,

v.

Edward HAMILTON, Independent
Executor of the Estate of W. E.
Hamilton, Deceased, Appellee.

No. 6596.

Court of Civil Appeals of Texas,
El Paso.

June 29, 1977.

Francis E. Keating, Legal Dept., Coastal
States Gas Producing Co., Houston, for appellant.

J. M. Preston, Pecos, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

The question presented in this case is whether the two-year statute of limitations, Article 5526, or the four-year statute of limitations, Article 5527, Tex.Rev.Civ.Stat. Ann., applies to an action to recover money mistakenly paid where the mode of payment is by check.

Appellant mistakenly issued three checks to Appellee in the total sum of $2,377.45. Appellee cashed the checks and, upon his subsequent refusal to repay or refund the amount thereof, this suit was brought. This suit was brought more than two years after the cashing of the checks, and the trial Court granted Appellee's motion for summary judgment based on the two-year statute of limitations. Tex.Rev.Civ.Stat. Ann. art. 5526. We affirm.

Appellant contends that the trial Court erred in rendering summary judgment on the basis of the two-year statute of limitations because where a check constitutes evidence of a contract in writing, the four-year statute of limitations applies. We overrule this contention on the basis that the obligation here sued on is not contained in the checks. Stated otherwise, the cause of action is not, in the words of Article 5527, "evidenced by or founded upon any contract in writing."

Appellant, as Plaintiff, pled that it mistakenly sent the checks to the Defendant, that the Defendant was aware that he had committed no act for the Plaintiff which warranted compensation, and by doing so the Defendant has wrongfully taken the Plaintiff's money and used it without rewarding the Plaintiff. Plaintiff then

prayed for the recovery of the $2,377.45, plus interest accrued, and all expenses incidental for efforts to collect "this debt." The cancelled checks were attached as Exhibit "A" to the petition. It is readily apparent that the obligation sought to be enforced here is not contained on the face of the checks. The Defendant/Appellee is a payee on the checks and the Plaintiff/Appellant is the maker, and the obligation expressed is that payment be made to Appellee. This has been done and that contract is now completed. This suit is not one to enforce the terms of the checks. The checks evidence an amount that has been paid to the Appellee, but they contain no obligation on the part of the Appellee to do anything. The obligation sought to be enforced is not a "contract in writing" within the meaning of the limitation statute, Article 5527. The leading and most oft cited case construing that term is *International Printing Pressmen and Assistants' Union of North America v. Smith,* 145 Tex. 399, 198 S.W.2d 729, at 736 (1946), wherein the Court said:

"* * * It has been held in this State that 'in order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute * * * the written instrument relied upon must itself contain a contract to do the things for the nonperformance of which the action is brought.' * * *"

As noted earlier, the written instrument, checks in this case, does not contain a contract to do the things for the nonperformance of which the action is brought.

With this determination of the first point of error, we do not reach Appellant's second point. The judgment of the trial Court is affirmed.