607 P.2d 659

**RITO CEBOLLA INVESTMENTS, LTD., Plaintiff-Appellant,**

v.

**GOLDEN WEST LAND CORPORATION, a New Mexico Corporation, Albuquerque National Bank, Bill Wilcox and T. M. Clear, Defendants-Appellees,**

**RITO CEBELLO INVESTMENTS, LIMITED, Plaintiff-Appellant,**

v.

**GOLDEN WEST LAND CORPORATION, a New Mexico Corporation, Defendant-Appellee.**

Nos. 4039, 3561.

Court of Appeals of New Mexico.

Feb. 12, 1980.

Charles G. Berry, Marchiondo & Berry, P.A., Albuquerque, for plaintiff-appellant.

Peter J. Adang, Alan K. Konrad, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

This appeal involves two related cases consolidated for disposition. Cause No. 3561 involves the issue of proper venue and

cause No. 4039 involves summary judgment granted defendants. Each case will be separately discussed.

### A. *In Cause No. 3561, Mora County was not the proper venue.*

 Plaintiff, Rito Cebolla Investments Limited (Rito Cebolla) sued defendant, Golden West Land Corporation (Golden West) in Mora County for damages arising out of alleged misrepresentations made by Golden West to Rito Cebolla in the sale of real estate located in Mora County. Golden West filed an answer and motion to dismiss for improper venue. The motion was sustained and an order of dismissal entered. Rito Cebolla appeals. We affirm.

After a hearing, the trial court found that Rito Cebolla and Golden West were New Mexico corporations, each with its principal place of business in Bernalillo County; that this was a suit in damages arising out of alleged misrepresentations of Golden West with regard to the execution of a contract which induced Rito Cebolla to consummate the contract; that the action did not affect the title to, or ownership of, the property and that neither party could be found in Mora County. Rito Cebolla challenged the following additional finding of fact:

6. The contract between the Plaintiff and Defendant was made and executed in Bernalillo County, New Mexico, and was to be performed in Bernalillo County, New Mexico.

The court concluded that this was a transitory action and venue in Mora County was improper.

Section 38–3–1(A), the venue statute, reads in pertinent part:

[A]ll transitory actions shall be brought in the county where either the plaintiff or defendant . . . resides; or . . in the county where the contract sued on was made or is to be performed . . .

Rito Cebolla argues that there is no evidence to support finding No. 6. We disagree. Its verified complaint alleges that the representations made by Golden West

culminated in three executed real estate contracts filed in Mora County, describing the place of recordation. Rito Cebolla then alleged:

8. DEFENDANT is in possession of duplicate originals of the aforesaid real estate contracts and the real estate contracts themselves have been filed with the Clerk of Mora County, New Mexico *and by this reference are made a part hereof.* [Emphasis added.]

These three contracts are a matter of record and included in the complaint. Golden West's answer brief attached two of the three real estate contracts recorded, as defendant's Exhibits A and C. On motion of Rito Cebolla, this Court struck these contracts from the brief, but retained them in the file as a part of the complaint. These contracts show that they were made, executed and to be performed in Bernalillo County.

Even if we deleted the court's finding No. 6, we would be left with a transitory action involving a plaintiff and defendant both of whom are "residents" of Bernalillo County. Bernalillo County was the only county with proper venue. As Justice Moise said in *Torres v. Gamble*, 75 N.M. 741, 743, 410 P.2d 959, 960 (1966):

The statute quoted above is to our minds clear and unambiguous. It says that when there are two plaintiffs in a law suit the action may be brought in the county in which either of them resides. We perceive of no room for interpretation where they were both necessary and indispensable.

The order of dismissal is affirmed with leave granted Rito Cebolla to file the same complaint in Bernalillo County free of any defense of the statute of limitations. Filing the suit in Mora County was a mistake, not negligence, and, under § 37–1–4, N.M. S.A. 1978, Rito Cebolla is entitled to a continuous cause of action.

### B. *In cause No. 4039, summary judgment is affirmed.*

On May 22, 1978, pending the appeal of cause No. 3561, *supra*, Rito Cebolla sued

Golden West, the Albuquerque National Bank, an escrow agent, Bill Wilcox and T. M. Clear in seven counts, seeking among other things, damages, an order of restoration and rescission. Rito Cebolla's complaint stands alone in this appeal.

Defendants filed a motion to dismiss or for summary judgment "for the reasons that *the statute of limitations has run* on the claims set forth in the Complaint and for the further reason that Mora County Cause No. 5745 (being cause No. 3561, *supra*) is *res judicata* of the issues involved herein." [Emphasis added.]

■ The statute of limitations, which is an affirmative defense to be pleaded, may be raised in a motion for summary judgment. *Stewart v. Hood Corporation*, 95 Idaho 198, 506 P.2d 95 (1973); *Hebert v. Jarvis & Rice & White Insurance Inc.*, 134 Vt. 472, 365 A.2d 271 (1976); Annot. *Raising Statute of Limitations by Motion for Summary Judgment*, 61 A.L.R.2d 341 (1958).

However, the trial court found "that no genuine issue of material fact exists with regard to plaintiff's claim," and ordered that defendants' motion be granted, and plaintiff's complaint dismissed with prejudice. On appeal, Rito Cebolla limits its argument to the issues of statute of limitations and the doctrine of res judicata. If this were the basis upon which summary judgment was granted, we would agree. But the summary judgment was not limited in scope and no action was taken in the district court to amend the summary judgment. After the hearing, the court requested letter briefs. Both parties submitted them and they appear in the transcript. Golden West sought unlimited summary judgment in which the statute of limitations and res judicata played some roles. Instead of responding simultaneously, Rito Cebolla was delayed and answered the claims made by Golden West. It is too late in the day for Rito Cebolla to press for a summary judgment limited to the application of the statute of limitations and res judicata. It also filed a series of motions in this Court: (1) to supplement the record by including a deposition taken of an officer in the case of *Rito Cebolla v. The Marrujos*, No. 5712, a separate cause of action in Mora County; this motion was denied; (2) a motion to strike from its answer brief references to a letter brief filed by Golden West; this motion was granted; it should have been denied because Rito Cebolla responded late to Golden West's letter brief; (3) a motion to remand this cause to the district court to correct the record and supply all matters of record; this motion was denied; (4) a motion to strike references in Golden West's answer brief, which motion is now denied. We shall repeat what we said in *Michael v. Warner/Chilcott*, 91 N.M. 651, 653, 579 P.2d 183, 185 (Ct.App.1978):

> . . . In a complex, complicated case in which summary judgment is granted or denied, the burden is on the losing party to delineate the proceedings in the court below, preserve a record of the hearing, the comments of the court and seek a clear ruling on the issues involved and determined. Otherwise, on appeal, we shall use any reasonable basis disclosed by the record to uphold the order of the trial court.

We shall now discuss the summary judgment granted Golden West.

The gist of Rito Cebolla's complaint is:

(1) Rito Cebolla relied upon two representations made by Golden West which induced Rito Cebolla to enter into three real estate contracts, two of which were filed in Mora County on March 17, 1972, and one filed on September 6, 1972, subject to reservations and easements of record. (One of them was dated *December 13, 1971* and signed on *December 15, 1971*, one was dated *December 30, 1971* and signed on *January 3, 1972*. The third contract that conveyed 60 acres is not before us.)

(2) The misrepresentations made were:

(a) that Golden West had clear title, subject to an oral timber contract to Donaciano Marrujo for removal of existing timber 18 inches in diameter or larger with knowledge that Rito Cebolla would subdivide the land and sell small lots to purchasers who would build on the property.

(b) that Golden West assured Rito Cebolla that the timber contracts would not interfere with subdividing, clearing of land by purchasers and that Marrujos' removal of timber would be with the peaceful cooperation of Rito Cebolla.

(3) These misrepresentations caused extensive damages.

(4) On March 23, 1978, without notice, Golden West withdrew the real estate contracts from the escrow department of defendant Albuquerque National Bank in violation of the 30 day default notice, which withdrawal damaged Rito Cebolla.

The prayer for relief was:

(1) Rito Cebolla suffered damages.

(2) That Rito Cebolla's position should be restored by order of court and that thereafter specific performance of the real estate contract be ordered, or in the alternative,

(3) Rito Cebolla is entitled to *rescission* and a recovery of all payments made and damages incurred.

In addition to the motion for summary judgment, defendants filed a lengthy undisputed affidavit of T. M. Clear confirmed by Bill Wilcox which detailed the history of events surrounding the transactions between Rito Cebolla, Golden West, T. M. Clear, Bill Wilcox and Donaciano Marrujo, together with 12 documents attached thereto as exhibits:

(1) Deed from Marrujo to Wilcox and Clear dated April 17, 1969 which *reserved to Marrujo mineral and certain timber rights* recorded April 29, 1969.

(2) Deed from Wilcox and Clear to Golden West Corporation dated April 10, 1969, *subject to reservations*, restrictions and easements of record recorded September 15, 1971.

(3) Real estate contract from Golden West to Rito Cebolla dated *December 13, 1971* with Albuquerque National Bank as escrow agent, *subject to reservations* and easements of record.

(4) Real estate contract from Golden West to Rito Cebolla, dated *February 24, 1973* (first page only). *Subject to patent reservations*, easements and restrictions of record. (Complete contract before this Court and examined.)

(5) Release of Real Estate Contract document executed on *February 28, 1973* which declared void real estate contracts dated *December 30, 1971*, and *March 23, 1972*, two of the three properties described in the complaint.

(6) Letter agreement dated *August 31, 1972* which set forth in writing the oral agreement reached in conference on *August 15, 1972.*

(7) A memorandum from the vice president of Rito Cebolla to Golden West for its records.

(8) Repo extension agreement in which Golden West granted Rito Cebolla a 30-day extension on repossessions in Mora County.

(9) Repossession extension agreement executed by Rito Cebolla and Golden West which did not alter the amount due or payment dates of the real estate contracts.

(10) Agreement extension by Golden West with an acceptance of an agreement attached thereto presented on September 5, 1973 by a vice president of Rito Cebolla.

(11) Agreement dated September 28, 1973 between Rito Cebolla and Golden West in which Golden West agreed to protect land owners who will have purchased land from Rito Cebolla.

(12) Affidavit of forfeiture by Golden West dated March 23, 1978 for default with letters of notification attached (but not in this record) and declaring that the escrow agent return and deliver to it the warranty deeds and special warranty deeds escrowed with the real estate contracts.

Rito Cebolla took the depositions of Clear and Wilcox on July 19, 1978 which were filed on August 1, 1978.

The record shows unequivocally that the representations made by Golden West were not false. In the letter agreement dated *August 31, 1972* which set forth in writing the oral agreement reached in conference on August 15, 1972, Rito Cebolla stated:

We agreed to the following:

1. Donaciano Marrujo and Guadalupe Marrujo, his wife, have reserved from the properties you have sold us timber measuring 18 inches in circumference together with rights of ingress and egress for the purpose of harvesting and removing such timber. *We propose to negotiate with the Marrujos to obtain a release from the Marrujos of this timber reservation.* You agreed to return to us the unrecorded quit-claim deed for 15.12 acres of land dated April 11, 1972 *in exchange for your being released from any obligations with regard to any timber settlement* we will have to negotiate with the Marrujos on our lands. [Emphasis added.]

Thereafter, Golden West did convey the quitclaim deed of 15.12 acres to Rito Cebolla. Rito Cebolla knew of the timber reservation, and was aware of the fact that Marrujo would not release the timber reservation at that time. Almost six months thereafter, on February 24, 1973, with knowledge of these facts, Rito Cebolla purchased 205.896 acres from Golden West. On February 28, 1973, Rito Cebolla and Golden West entered into a "Release of Real Estate Contract" agreement which declared void the two previous real estate contracts described in the complaint and authorized the escrow agent to deliver the escrowed warranty deeds to Golden West and the recorded special warranty deeds to Rito Cebolla.

When the long and verbose 7-count complaint is reduced to its simplicity, Rito Cebolla is suing for damages, an order for restoration and in the alternative for rescission. No genuine issue of material fact exists with reference to the alleged misrepresentations.

The only other alleged misconduct of Golden West was:

14. That on March 23, 1978, without notice to the plaintiff, the defendants . . . withdrew said contracts from the escrow department of the defendant Albuquerque National Bank.

15. That the withdrawing of said contracts from escrow was totally without notice to the plaintiff or its agents and is in specific violation of the covenants contained in the contracts themselves, which require thirty days' notice of default, and, further, the said withdrawal was in violation of the contractual agreement reached whereby the parties agreed that said contracts would not be withdrawn during the pendency of this action.

The affidavit of T. M. Clear, confirmed by Bill Wilcox, established without equivocation, that the allegations stated were not true. No genuine issue of material fact exists with reference to this alleged wrongful conduct.

Golden West made a prima facie showing that it was entitled to summary judgment. Rito Cebolla did not dispute any of the facts or evidence presented by Golden West. Golden West was entitled to summary judgment as a matter of law because no genuine issue of material fact exists.

We now turn to the points raised by Rito Cebolla in this appeal. Rito Cebolla states:

It should be borne in mind that there were two causes of action in this lawsuit; first is the cause of action for misrepresentation; the second was a cause of action for wrongful forfeiture of the real estate contracts. . . .

\* \* \* \* \* \*

The argument is divided as to the two separate causes of action for simplicity.

As to the first cause of action, Rito Cebolla argues that this action was properly brought within the six year statute of limitations because it was an action upon a contract.

Section 37-1-3(A), N.M.S.A. 1978 reads in pertinent part:

Those founded upon any . . . contract in writing . . . within six years.

An action upon a contract in writing is barred if it is not brought within six years after a right of action accrued. The nature of the right sued upon, and not the form of action or relief demanded, determines the applicability of the statute of

limitations. *Taylor v. Lovelace Clinic*, 78 N.M. 460, 432 P.2d 816 (1967). The nature of the right sued upon was fraudulent inducement; that defendants "misled the plaintiff as to the existence of timber rights on the part of Marrujo thereby inducing the plaintiff to enter into three separate written real estate contracts, two of which were dated March 17, 1972, and one of which was dated September 6, 1972." As pointed out *supra*, these dates are not correct.

◼ To come within the six year limitation period "founded upon any . . . contract in writing," an action must be brought for breach of contract, one which requires a policy to do the things for the nonperformance of which the action is brought. *Coastal States Gas Producing Co. v. Hamilton*, 553 S.W.2d 659 (Tex.Civ.App. 1977); *Beane v. Tucson Medical Center*, 13 Ariz.App. 436, 477 P.2d 555 (1970); *Benard v. Walkup*, 272 Cal.App.2d 595, 77 Cal.Rptr. 544 (1969); *International Printing Pressman and Ass'ts UN v. Smith*, 145 Tex. 399, 198 S.W.2d 729 (1946); *Petty & Riddle, Inc. v. Lunt*, 104 Utah 130, 138 P.2d 648 (1942); 53 C.J.S. *Limitations of Actions*, § 60 (1948).

◼ Under the first cause of action, Rito Cebolla did not sue defendants for breach of contract. It sued for fraudulent representations made before the 1972 contracts were made and executed. This claim does not fall within the perimeter of the six year limitation statute.

◼ As to the second cause of action for wrongful forfeiture of the real estate contracts, the complaint did allege a breach of contract provision—that on March 23, 1978, defendants wrongfully, without notice, withdrew contracts from the escrow department of the Albuquerque National Bank. However, the action taken on withdrawal of contracts dated December 15, 1971 and January 3, 1972 involved contracts made and executed more than six years before the complaint was filed on May 22, 1978. There was also a real estate contract made and executed on February 24, 1973, but no reference is made in the complaint to this contract. We do find a description of land which fits the Feb. 24, 1973 contract, but this description stands alone. No reference is made to execution thereof nor to any date or place of recordation. Rito Cebolla's cause of action for wrongful forfeiture of the real estate contracts is barred by the six year limitation statute.

◼ The alternative remedy sought by Rito Cebolla was rescission of the real estate contracts brought about by false representations. This cause of action falls within the four year limitation statute. Section 37–1–4, N.M.S.A. 1978 reads in pertinent part:

> Those founded upon . . . the ground of fraud . . . within four years.

The accrual date is fixed in § 37–1–7 as follows:

> In actions for relief, on the ground of fraud . . . the cause of action shall not be deemed to have accrued until the fraud . . . shall have been discovered by the party aggrieved.

It is established law that a cause of action for rescission of contracts based upon false representations are barred four years after the action shall have accrued. *Taylor v. Lovelace Clinic, supra; Lotspeich v. Dean*, 53 N.M. 488, 211 P.2d 979 (1949).

Under the "Letter Agreement" dated August 31, 1972, the alleged fraud was discovered. The complaint was filed May 22, 1978, more than four years after the date of accrual.

This action is barred by the statute of limitations.

To avoid this obvious result, Rito Cebolla now claims that this 1978 complaint is a continuation of cause No. 3561, *supra*, which action was filed December 9, 1975.

Section 37–1–14, N.M.S.A. 1978 reads:

> If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

The question as to whether one case is a continuation of another must appear in the record. *State ex rel. Brown v. Hatley*, 80 N.M. 24, 450 P.2d 624 (1969). Rito Cebolla alleged that:

12. On February 20, 1978, an order dismissing said cause on the grounds of improper venue was entered by the Court in said cause; however, a timely notice of appeal was filed and the matter is now pending on appeal in the Court of Appeals of the State of New Mexico; that the filing of this action continues the pendency of the said cause No. 5745.

To merely allege that the second complaint filed is a continuation of the first does not make it so. To be considered as a continuation, both must be substantially the same, involving the same parties, the same cause of action and the same right, and this must appear from the record. It cannot be shown by oral testimony. *Rowland v. Beauchamp*, 253 N.C. 231, 116 S.E.2d 720 (1960), 79 A.L.R.2d 1263 (1961) cited in *State ex rel. Brown, supra.*

The second action differs from the first action in the following respects:

(1) The first action had one party defendant; the second action added three additional parties defendant.

(2) The first action had one cause of action; the second action had seven counts.

The second action is not a continuation of the first because it is not based substantially on the same cause of action and does not involve substantially the same parties. *State ex rel. Brown, supra.*

And what is meant by the language of the statute:

If, after the commencement of an action, *the plaintiff fail therein for any cause* . . . .

We appear to be bound by *Cartwright v. Public Service Company of New Mexico*, 68 N.M. 418, 362 P.2d 796 (1961). The court adopted the Iowa rule stated in part as follows:

"This section can apply *only* to a case where no judgment upon the merits is rendered, and another suit is brought *upon the same cause of action.* . . ." [Emphasis added.] [Id. 420, 362 P.2d at 797.]

This statute is applicable to cause No. 3561, *supra.* Under this rule, the dismissal for improper venue allows Rito Cebolla to file the same cause of action in Bernalillo County free of the statute of limitations unless, in filing its original claims in Mora County, it was negligent. Where plaintiff's first complaint was dismissed for negligence in prosecution, which involved the failure to seek service of process on defendants, it was held not to be a continuation of the first for purposes of lowering the bar of the statute of limitations. *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648 (1967). We have heretofore granted Rito Cebolla the right to refile its same cause of action in Bernalillo County on the basis of mistake.

Cause No. 4039 is not a continuation of cause No. 3561.

Causes No. 3561 and No. 4039 are affirmed.

IT IS SO ORDERED.

WALTERS, J., concurs.

HERNANDEZ, J., concurs in result.