648 P.2d 313

Peter NAUMBURG, Plaintiff-Appellee,

v.

Ernest CUMMINS and Barbara L. Cummins, Defendants-Appellants,

and

Buena Vista Estates, Inc., Defendant.

No. 14110.

Supreme Court of New Mexico.

July 16, 1982.

James E. Womack, Albuquerque, for defendants-appellants.

Simons, Cuddy & Friedman, Thomas A. Simons, IV, Santa Fe, for plaintiff-appellee.

Modrall, Sperling, Roehl, Harris & Sisk, George T. Harris, Jr., Albuquerque, for defendant.

## OPINION

PAYNE, Justice.

Plaintiff Naumberg, a resident of Santa Fe, brought suit in the district court of Bernalillo County against Defendants Cummins, residents of Albuquerque, Bernalillo County, and a New Mexico corporation, Buena Vista Estates, Inc. (Buena Vista), a New Mexico corporation having its principal place of business at Albuquerque. The complaint was based on a real estate contract involving lands in Santa Fe County. Under the contract, the Cummins sold the property to Naumberg, allegedly with the promise that the Cummins would find a subsequent buyer for Naumberg. The Cummins have failed to do so, and Naumberg has ceased payment under the contract. The Cummins assigned their interest to Buena Vista. Naumberg sought relief by way of injunction, recission, declaratory judgment, reformation of the contract, and monetary damages.

■ Asserting that venue was improper under Section 38–3–1, N.M.S.A.1978 (Cum. Supp.1981), because the suit involved land situated in Santa Fe County, the Cummins filed a motion to dismiss. The motion was denied by the trial court and the Cummins appeal. We reverse.

Section 38–3–1 provides:

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise:

\* \* \* \* \* \*

D. (1) when lands or any interest in lands are the object of any suit in whole or in part, such suit shall be brought in the county where the land or any portion thereof is situate.

\* \* \* \* \* \*

In *Rito Cebolla Inv., Ltd. v. Golden West Land,* 94 N.M. 121, 607 P.2d 659 (Ct.App. 1980), the Court of Appeals held that venue was *not* in the county in which the real estate involved was located (Mora County) when the parties had their principal places of business in Bernalillo County. The sales contract was executed in Bernalillo County and the only relief requested was damages for misrepresentation. The action "did not affect the title to, or ownership of, the property" *Id.* at 123, 607 P.2d at 661.

This case presents a similar fact pattern with the exception of the type of relief sought. Naumberg seeks an injunction against the defendants to prohibit them from obtaining the special warranty deed involved from the escrow agent. He also seeks recission of the real estate contract. Such relief, if afforded, could "affect the title to, or ownership of, the property," and therefore an interest in land is the object of the suit. One of Naumberg's own allegations states that if Buena Vista declares a default and demands delivery of the deed from the escrow agent, "Naumberg will be irreparably damaged in that he will lose all interest in the subject property together with the substantial payments already made to date."

■ Naumberg notes that Buena Vista, to whom the Cummins assigned the contract, does not challenge venue. Naumburg therefore argues that the proper disposition would be to dismiss the Cummins, but not Buena Vista, as defendants. We disagree. The complaint was filed naming both the Cummins and Buena Vista as defendants. It is likely that both are necessary and indispensable parties. Although Buena Vista did not challenge venue, the Cummins did and one challenge is sufficient to require that the complaint be dismissed.

IT IS SO ORDERED.

SOSA, Senior Justice, and C. FINCHER NEAL, Judge, Court of Appeals, concur.