PRINTRON, INC., a Delaware Corporation, Plaintiff,

v.

McGRAW–HILL, INC., and the McGraw–Hill Division operating as Business Week Magazine, all of which are believed to be New York corporations doing business in the State of New Mexico; Michael Schroeder and Gary Weiss, individually and as employees of the McGraw–Hill Companies, Inc.; Frank J. Barnes, Terrance Sullivan, Jr., James Tully, Barbara Tully, and Victor Zimmerman, Jr., individually, Defendants.

No.Civ. 97–1218–MV/JHG.

United States District Court,
D. New Mexico.

June 23, 1998.

---

James I. Bartholomew, Albuquerque, NM, for Printron Inc.

William S. Dixon, Charles Kipps Purcell, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, NM, for McGraw–Hill Inc., McGraw–Hill Division, Michael Schroeder, Gary Weiss.

Ronald J. Childress, Klecan, Childress & Huling, Albuquerque, NM, for Frank J Banes, individually, defendant.

Martin Diamond, Butt, Thornton & Baehr, Albuquerque, NM, for Terrance Sullivan, Jr.

James Tully, Bayport, NY, pro se.

Barbara Tully, Bayport, NY, pro se.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

VAZQUEZ, District Judge.

**THIS MATTER** comes before the Court on Defendant McGraw–Hill's Motion to Dismiss filed April 17, 1998 [**Doc. No. 17**], Defendants Michael Schroeder and Gary Weiss's Motion to Dismiss for Failure to Effect Timely Service filed April 17, 1998 [**Doc. No. 19**], Defendant McGraw–Hill's Motion for Summary Judgment filed April 17, 1998 [**Doc. No. 21**], Defendant McGraw–Hill's Motion for Stay of Proceedings filed April 17, 1998 [**Doc. No. 28**], Defendant Terrance Sullivan's Motion for Summary Judgment filed April 27, 1998 [**Doc. No. 32**], Defendant Terrance Sullivan's Motion to Dismiss filed April 27, 1998 [**Doc. No. 33**], De-

fendant Frank J. Barnes' Motion to Dismiss for Lack of Personal Jurisdiction filed May 8, 1998 [**Doc. No. 38**], Plaintiff's Motion for Reconsideration of the Court's April 21, 1998 Order filed April 30, 1998 [**Doc. No. 35**] and Defendants James Tully and Barbara Tully's Motion to Dismiss filed March 27, 1998 [**Doc. No. 13**]. Plaintiff has not responded to any of these motions.[1] The Court, having considered the motions, relevant law, and being otherwise fully informed, finds that Defendant McGraw–Hill's Motion for Summary Judgment filed April 17, 1998 [**Doc. No. 21**] and Defendant Terrance Sullivan's Motion for Summary Judgment filed April 27, 1998 [**Doc. No. 32**] are well-taken and will be **GRANTED**. As granting these motions is dispositive of the case, all other pending motions will be **DENIED** as moot.

Plaintiff Printron filed a complaint on September 11, 1997, alleging that it was defamed and otherwise wronged by an article that appeared in the September 12, 1994 issue of *Business Week*.[2] A number of motions have been filed by the defendants in this action. The Court will first consider the two summary judgment motions addressing the timeliness of Plaintiff's Complaint.

■ A libel claim accrues when the defamatory matter is "published." *See Torres v. CBS News*, 879 F.Supp. 309, 315 (S.D.N.Y.), *aff'd Mem.*, 71 F.3d 406 (2d Cir.1995). "The precedents with almost complete uniformity hold that publication occurs at the time of actual communication of the libel, not the date on the cover of the newspaper, magazine or other printed matter." *Fleury v. Harper & Row, Publishers, Inc.*, 698 F.2d 1022, 1028 (9th Cir.1983).

■ New Mexico has adopted the "single publication" rule which provides that

[n]o person shall have more than one cause of action for damages for libel or slander or invasion of privacy or any other tort founded upon any single publication or exhibition or utterance, such as any one edition of a newspaper or book or magazine or any one presentation to an audience or any one broadcast over radio or television or any one exhibition of a motion picture. Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions.

N.M.S.A. § 41–7–1 (1996). The single publication rule is designed "to protect the defendant and the courts from a multiplicity of suits, an almost endless tolling of the statute of limitations, and diversity in applicable substantive law. These goals can be sufficiently accomplished by holding that the plaintiff must collect all his damages in one action, that the statute of limitations begins to run on the initial publication, and that substantive issues will be governed by a single law deciding just which is a harder nut to crack." *Anselmi v. Denver Post, Inc.*, 552 F.2d 316, 321 n. 2 (10th Cir.1977).

Courts applying the single-publication rule have repeatedly held that "the statute of limitations begins to run on the initial publication." *Id.* Therefore, "[i]n the case of a single, integrated publication, a cause of action accrues on the first general distribution of the publication to the public." *Fleury v. Harper & Row*, 698 F.2d at 1027. "[W]hat is really determinative is the earliest date on which the libel was substantially and effectively communicated to a meaningful mass of readers the public for which the publication was intended, not some small segment of it." *Khaury v. Playboy Publications, Inc.*, 430 F.Supp. 1342, 1344–45 (S.D.N.Y.1977) (internal quotation marks omitted).

While the offending article appeared in an issue of *Business Week* that bore a September 12, 1994 cover date, Defendants have submitted uncontroverted affidavits demonstrating that the September 12, 1994 issue of *Business Week* was shipped from the printing plant to wholesalers and post offices on September 1, 1994. On September 2, 1994, wholesalers began delivering the issue to newsstands and on September 5, 1994, the issue was placed on display for sale to the public. Substantially all subscribers received

---

1. Pursuant to D.N.M.LR–Civ. 7.3(b), Plaintiff's failure to respond to these motions constitutes consent to grant the motions.

2. The Court notes that Judge Campos' dismissal of a substantially similar lawsuit filed by Prin-

tron's CEO on the basis of the same *Business Week* article, *Schuler v. McGraw–Hill Co.*, Civ. No. 96–292 SC/RLP, is currently on appeal to the Tenth Circuit.

the September 12, 1994 issue by September 6, 1994. In fact, the September 12, 1994 issue was removed from newsstands on September 9, 1994 and replaced with the September 19, 1994 issue. There is no question that the disputed article was substantially and effectively communicated to a meaningful mass of readers by at least September 6, 1994.

The applicable New Mexico statute of limitations provides that "actions must be brought ... for an injury to the ... reputation of any person, within three years." N.M.S.A. § 37–1–8 (1990). Plaintiff's Complaint was filed on September 11, 1997—at least three years and five days after the alleged injury occurred. Therefore, Plaintiff's libel claims are untimely.

■ Plaintiff's Complaint also includes counts alleging prima facie tort, injurious falsehood, interference with existing and prospective contractual relations, and civil conspiracy. New Mexico has taken the view that it is "the nature of the right sued upon, and not the form of action or relief demanded, [which] determines the applicability of the statute of limitations." *Hartford v. Gibbons & Reed, Co.*, 617 F.2d 567 (10th Cir. 1980) (citing *Taylor v. Lovelace Clinic*, 78 N.M. 460, 462, 432 P.2d 816 (1967)). Each of Plaintiff's claims arises out of the same allegedly false and defamatory article published in the September 12, 1994 issue of *Business Week*. Thus, Plaintiff's claims are uniformly subject to the three-year limitations period regardless of whether they sound in prima facie tort, civil conspiracy or interference with contractual relations. Consequently, Plaintiff's entire complaint is untimely. Defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that Defendant McGraw–Hill's Motion for Summary Judgment filed April 17, 1998 [**Doc. No. 21**] and Defendant Terrance Sullivan's Motion for Summary Judgment filed April 27, 1998 [**Doc. No. 32**] are hereby **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant McGraw–Hill's Motion to Dismiss filed April 17, 1998 [**Doc. No. 17**], Defendants Michael Schroeder and Gary Weiss's Motion to Dismiss for Failure to Effect Timely Service filed April 17, 1998 [**Doc. No. 19**], Defendant McGraw–Hill's Motion for Stay of Proceedings filed April 17, 1998 [**Doc. No. 28**], Defendant Terrance Sullivan's Motion to Dismiss filed April 27, 1998 [**Doc. No. 33**], Defendant Frank J. Barnes' Motion to Dismiss for Lack of Personal Jurisdiction filed May 8, 1998 [**Doc. No. 38**], Plaintiff's Motion for Reconsideration of the Court's April 21, 1998 Order filed April 30, 1998 [**Doc. No. 35**] and Defendants James Tully and Barbara Tully's Motion to Dismiss filed March 27, 1998 [**Doc. No. 13**] are hereby **DENIED** as moot.