**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BARTON LEE MURPHY,

      Plaintiff - Appellant,

v.

ALFREDO ROMERO, Special Agent,
Federal Bureau of Investigation;
JOHN or JANE DOE, five unknown
named FBI agents,

      Defendants - Appellees.

No. 98-2035

D. New Mexico

(D.C. No. CIV-97-1562-JP)

---

**ORDER AND JUDGMENT**  *

---

Before **ANDERSON** , **McKAY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Barton Lee Murphy, a federal prisoner proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), challenging the seizure and forfeiture of his property subsequent to a conviction for numerous drug violations. The district court dismissed Murphy's complaint on the basis of res judicata and/or collateral estoppel, and Murphy appeals. We affirm.

The threshold problem in this appeal is that Mr. Murphy's complaint was filed outside the applicable statute of limitations. Bivens actions, like 42 U.S.C. § 1983 actions, are subject to the statute of limitations of the general personal injury statute of the state where the action arose. Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). Because Murphy's cause of action arose in New Mexico, we apply New Mexico's three-year statute of limitations for bringing an action for "an injury to the person or reputation of any person." N.M. Stat. Ann. § 37-1-8; see Industrial Constructors, 15 F.3d at 968 (applying N.M. Stat. Ann. § 37-1-8 in a Bivens action).

This three-year statute of limitations began to run when Murphy knew or had reason to know "of the existence and cause of the injury which is the basis of his action." Id. at 969 (stating also that federal law controls the issue of when a federal cause of action accrues). Murphy argues that he realized his injury, and his claims accrued, not when his property was seized on May 1, 1990, or forfeited

on April 29, 1992, but when it was ultimately disbursed on December 9, 1992. See Appellant's Br., Supp. at 5.  Even under Murphy's more generous calculation, however, his Bivens complaint is nevertheless untimely because it was not filed until December 8, 1997, almost five years after disbursement.  Thus, Murphy's action is time-barred unless he can demonstrate a basis for tolling the statute.  See Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Murphy asserts that the statute of limitations was tolled by N.M. Stat. Ann. § 37-1-14, which provides that "[i]f, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."  Relying on this provision, Murphy argues that his Bivens complaint is merely a continuation of an earlier petition he filed pursuant to 28 U.S.C. § 2255, and that therefore, the statute of limitations was tolled during the pendency of the § 2255 petition.  See Appellant's Br., Supp. at 5.

Questions of tolling are governed by state law, however, see Hardin v. Straub, 490 U.S. 536, 539 (1989); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995), and New Mexico has narrowly construed § 37-1-14.  In particular, this provision applies only when the two complaints are substantially the same—involving the same parties, the same cause of action, and the same rights.

Rito Cebolla Invs., Ltd. v. Golden West Land Corp., 607 P.2d 659, 666 (N.M. Ct. App. 1980).  Because Murphy's earlier § 2255 petition was against the United States, while the instant action is against certain FBI agents in their individual capacities, the parties are not the same.[1]

Furthermore, the statute of limitations could not have been tolled during the pendency of Murphy's § 2255 petition because by the time the petition was filed on February 16, 1996, the applicable three-year statute of limitations period had already expired.  Thus, under either analysis, we conclude that § 37-1-14 did not toll the three-year statute of limitations applicable to Murphy's claims.

Accordingly, we conclude that Mr. Murphy's complaint is time barred and AFFIRM the district court's dismissal of this matter.  We also AFFIRM the district court's order enjoining Mr. Murphy from further attempts to litigate the

---

[1]Not only are the parties not the same, they are likely not even in privity.  See Beard v. O'Neal, 728 F.2d 894, 896-97 (7th Cir. 1984) (stating that FBI officials sued in their individual capacities are not in privity with an FBI agent who was sued in his official capacity in an earlier suit); Headley v. Bacon, 828 F.2d 1272, 1279 (8th Cir. 1987) (stating that "litigation involving officials in their official capacity does not preclude relitigation in their personal capacity").

If privity exists, or, as it appears, this is simply Murphy's latest attempt to relitigate the same issues, then the district court's analysis applies.  See R. Vol. I, Tab 9 at 3 (addressing res judicata and collateral estoppel).  In any event, the untimeliness of this action is adequate grounds for its dismissal, and we, of course, are free to affirm a district court decision on any grounds supported by the record.  See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

issues raised in his complaint except as specified in the appendix to the order of dismissal. [2]

ENTERED FOR THE COURT



Stephen H. Anderson
Circuit Judge

---

[2]In addition to this Bivens complaint, Mr. Murphy has filed four previous actions, each challenging the seizure and forfeiture of his property. Each of these cases has been dismissed with prejudice, and in the most recent, the district court warned Murphy that future attempts to pursue such frivolous litigation could result in an order enjoining future filings. See Murphy v. United States, No. 97-0452 (D.N.M. Apr. 30, 1997).