This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GEORGE SCHWARTZ, M.D.,**

    Plaintiff-Appellant,

v.                             **NO. 34,412**

**THE NEW MEXICO MEDICAL BOARD,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

George Schwartz M.D.
Santa Fe, NM

Pro Se Appellant

Sondra K. Frank
Daniel Ross Rubin
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}    Appellant, George Schwartz, appeals from the district court's dismissal of his

complaint for declaratory judgment. We issued a notice of proposed summary disposition, proposing to affirm on May 5, 2015. Appellant has filed a timely memorandum in opposition and two motions to amend the docketing statement, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm. We also deny Appellant's motions to amend the docketing statement on the basis that the issues raised are not viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that issues sought to be presented must be viable).

**BACKROUND**

{2}     Appellant argues that the district court erred in determining that his complaint for declaratory judgment was barred by the statute of limitations. [DS 3-4] In his docketing statement, Appellant argued that his action for declaratory judgment is an action based on a written contract, and therefore, the six year statute of limitations of NMSA 1978, Section 37-1-3(A) (1975) applies, rather than the four year statute of limitations contained in NMSA 1978, Section 37-1-4 (1953). *See* Section 37-1-3(A) (providing that an action founded upon a contract in writing must be brought within six years); *see also* Section 37-1-4 (providing that an action "brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified" must be

brought within four years). In general, "[w]e review de novo whether a particular statute of limitations applies." *Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 8, 132 N.M. 459, 50 P.3d 554; *see also In re Estate of Baca*, 1999-NMCA-082, ¶ 12, 127 N.M. 535, 984 P.2d 782 (stating that statutory interpretation is a matter of law subject to de novo review).

{3} Appellant and Defendant, the New Mexico Medical Board (NMMB), entered into a settlement agreement on June 27, 2008, in which Appellant agreed to surrender his medical license. [RP 3] On May 16, 2013, Appellant filed a complaint in district court for declaratory judgment asking the district court to declare the settlement agreement void and unenforceable due to fraud, duress, lack of consideration, and failure to adequately state the agreement between the parties. [RP 5] Appellant's complaint alleges that at the time he signed the settlement agreement, he was undergoing severe medical problems and did not understand the meaning of the agreement. [RP 3] Appellant asserted that he believed that under the settlement agreement he would be able to continue consulting with patients, and he based that belief on representations made to him by the chief administrative prosecutor for the NMMB. [RP 3] Appellant also claimed that his then counsel and the chief administrative prosecutor placed undue pressure on him to sign the agreement, which he ultimately signed under duress. [RP 4] Appellant further asserted that on June 30,

3

2008, three days after the settlement agreement was executed, he rescinded the agreement by a communication sent the NMMB. [RP 4]

**DISCUSSION**

{5}     The district court determined that this action was governed by the four year statute of limitations contained in Section 37-1-4, and was therefore untimely. [RP 383] We agree. "To come within the six year limitation period 'founded upon any . . . contract in writing,' an action must be brought for breach of contract, one which requires a policy to do the things for the nonperformance of which the action is brought." *Rito Cebolla Investments, Ltd. v. Golden West Land Corp.*, 1980-NMCA-028, ¶ 29 , 94 N.M. 121, 607 P.2d 659. In *Nance v. L. J. Dolloff Associates, Inc.*, 2006-NMCA-012, ¶ 11, 138 N.M. 851, 126 P.3d 1215, we explained that an action is founded upon a written contract within the meaning of Section 37-1-3(A) when the written instrument itself contains "a contract to do the thing for the nonperformance of which the action is brought." *See also Martinez v. Cornejo*, 2009-NMCA-011, ¶ 29, 146 N.M. 223, 208 P.3d 443 (stating that in order to fall within the six-year statute of limitations of Section 37-1-3(A), the nature of the right sued upon must be based on the breach or nonperformance of a term in a written contract).

4

{6} This was not an action founded on a written contract, within the meaning of Section 37-1-3(A). Appellant's complaint for declaratory judgment does not allege that the NMMB breached a term of the settlement agreement. Rather, it asks the district court to declare that the settlement agreement is void based on fraudulent misrepresentations, duress, and illegality, and lack of consideration. [RP 4-5] Rather than allege that NMMB breached the agreement, Appellant's claims seek to void the entire agreement on the basis of alleged defects in formation. Accordingly, Appellant's action for declaratory judgment was governed by Section 37-1-4 . *See Rito-Cebolla*, 1980-NMCA-028, ¶ 34 ("It is established law that a cause of action for rescission of contracts based upon false representations are barred four years after the action shall have accrued."); *see also* § 37-1-4 (stating that actions seeking relief based on fraud must be brought within four years); *see also Branch v. Chamisa Dev. Corp., Ltd.*, 2009-NMCA-131, 147 N.M. 397, 223 P.3d 942 (stating that rescission is an equitable remedy that results in the cancellation of a contract entered into through mistake, fraud, or duress).

{7} In his memorandum in opposition, Appellant argues that he validly rescinded the settlement agreement by sending a letter to the NMMB three days after the parties executed the agreement. [MIO 2] Appellant also argues that the contract was illegal and void ab initio as it violated the New Mexico Constitution. [MIO 2] Appellant cites

to federal authority for the proposition that a contract can be rescinded by letter. However, to the extent that Appellant sought to have the district court declare that the contract had been validly rescinded, such an action needed to be brought within four years. *See Taylor v. Lovelace Clinic*, 1967-NMSC-234, ¶ 6, 78 N.M. 460, 432 P.2d 816 (holding that the plaintiff's action to rescind and declare void a contract on the basis of duress at the time of signing was essentially an action for rescission based on fraud and needed to be brought within four years). Appellant's action for declaratory judgment was untimely, and the district court properly dismissed his action.

{8}     We also deny Appellant's motion to amend the docketing statement to raise the issue of vindictive prosecution. This issue was not raised before the district court below in this case, and it is therefore not preserved. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Accordingly, the issue is not viable, and the motion to amend must be denied.

{9}     For these reasons, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**