24 P.(2d) 286

STATE ex rel. WALKER v. HINKLE, Commissioner of Public Lands.

No. 3782.

Supreme Court of New Mexico.

April 4, 1933.

John I. Hinkle, of Santa Fé, and Hocken-hull & Mayes, of Clovis, for appellant.

McIntosh & Chavez, of Santa Fé, for appellee.

WATSON, Chief Justice.

This is an appeal from a judgment awarding a peremptory mandamus against the commissioner of public lands.

The relator (appellee) was the losing party in a contest in the state land office. He prayed an appeal to the district court, and tendered a bond. Appellant, the commissioner, disapproved the bond and denied the appeal. Thereupon the alternative writ was sued out. The judgment awarded a peremptory writ, "commanding * * * said respondent * * * to forthwith fix the amount of an appeal bond * * * at a reasonable figure * * * and after so fixing said bond and the furnishing thereof * * * to grant relator an appeal * * * or in the alternative to approve the bond heretofore filed * * * by relator * * * and to grant relator an appeal."

We first notice certain procedural questions. Appellant contends: (1) That the alternative writ does not, without aid from the petition, contain allegations or recitals of fact sufficient to constitute a cause of action; (2) that the command of the alternative writ that respondent "take appropriate action in the premises referred to in said petition," or show cause, is insufficient for uncertainty; (3) that the peremptory writ is a variance from the alternative writ; (4) that the peremptory writ was issued after appeal granted to this court, and is void

for want of jurisdiction; (5) that, since no evidence was taken at the final hearing, the court's findings of fact are without support.

As to these matters it is to be borne in mind that the cause is here on appeal, not as an original proceeding. The place to have polished the pleadings and to have insisted on strict regularity of proceedings was in the court below. We must take them as we find them, except as we may find something jurisdictionally or fundamentally wrong, or some erroneous action of the trial court to which his attention was properly called. State ex rel. Thompson v. Beall, 37 N. M. 72, 18 P.(2d) 249.

Although appellant interposed a "demurrer and motion to dismiss" independent of his "answer and return," objections one and two were not made. Indeed, appellant pleaded to the alternative writ as if the allegations of the petition were a part of it, and as if the prayer of the petition were the command of the writ. This is more than a failure to preserve the questions for review. It is a waiver. State ex rel. Burg v. City of Albuquerque, 31 N. M. 576, 249 P. 242. Counsel question the soundness of that decision as to waiver, but we see no reason to depart from it.

Appellant contends that these legal objections were raised by the final paragraph of his "answer and return," reading thus: "Further answering said amended Writ, the respondent alleges that there are many matters set forth therein that are insufficient to constitute grounds for mandamus and that matters of evidence are pleaded therein and that the same does not state a cause of action against this respondent and that proper grounds are not set forth, upon which the Court can base a decision sustaining said Writ."

We do not deem this sufficient to invoke any ruling. Comp. St. 1929, § 105-412. Williams v. Kemp, 33 N. M. 593, 273 P. 12.

If, as appellant contends here, the peremptory writ was issued after appeal taken, it would seem to be fatal to any claim of error based upon that writ. The appeal is from the judgment. It cannot be impeached for what subsequently occurred. Before resorting here appellant should have attacked the peremptory writ in some manner below. The record does not show even an exception to it. It may be entirely void without affecting the judgment.

There were no specific objections to the court's findings; there being only the general exception to the judgment, which embraced the findings: "To all of which the respondent objects and excepts and exceptions are hereby allowed." The judgment opens with the recitals that the parties appeared by their respectively named counsel, and that it appearing "from statements and admissions of counsel that the facts herein are as alleged in relator's petition * * * and that the only issue of fact is as to whether or not the sureties upon the $2,000.00 bond tendered by the relator are in fact sufficient and financially

responsible for the amount of said bond. * * * "

We know of no reason why the trial court could not base findings upon admissions of counsel. In the absence of some form of objection at the time, the findings must stand as the facts in the case.

As to the one issue of fact, the responsibility of the sureties, the trial court concluded that it was immaterial, since the disapproval of the bond was not placed on that ground. It would now seem to be immaterial for another reason: The judgment does not require the approval of that particular bond.

This brings us to the merits of the case. Appellant urges that the judgment is an unwarranted attempt to control his official discretion. This requires some consideration of the facts.

The decision of appellant on the contest, rendered October 20, 1931, canceled appellee's leases of some 13,000 acres of state lands. In November following, appellee's attorneys were informed, on inquiry of appellant's law clerk, that if they desired to appeal, the amount of the bond would be $2,000. Appellee executed and obtained two individual sureties for such a bond. December 10, 1931, appellant advised appellee's attorneys by letter: "You are advised that the Commissioner of Public Lands has fixed the appeal bond in the above matter at five thousand dollars ($5,000.00) and the surety thereon for the approval of the Commissioner of Public Lands shall be one of the reliable surety companies authorized to do business in the State of New Mexico."

Appellee's attorneys, being unable to procure a bond such as thus prescribed within the time remaining for appeal, and, before receipt of this letter, having given notice of appeal to the attorneys opposing them in the contest, finally, on December 19th, filed motion for the allowance of the appeal, and filed the $2,000 bond. On December 21st appellant advised appellee's attorneys by letter that the $2,000 bond was not approved, that the appeal was denied, and that he had issued to the contestants a lease for the land. In this letter appellant also said, among other things, that in his judgment "the purpose of the appeal of B. B. Walker is to stay the execution of the judgment of the commissioner and to stop the proceedings to execute and grant to the heirs of Charles S. Hart, deceased, the lease canceled by the decision of the Commissioner of Public Lands standing in the name of B. B. Walker." Referring to his requirement of a $5,000 bond with corporate surety, he said: "The said bond was so fixed to protect the Hart heirs against loss and for costs."

The learned trial judge found that the costs of appeal could not exceed $100, and that the disapproval of the $2,000 bond was not because of irresponsibility of the sureties, but was from a determination to have a $5,000 bond with a corporate surety "to protect the contestants * * * against loss and for costs." He concluded that appellant had no right to demand a corporate

surety or to require a bond to insure the contestants against loss; that it was unreasonable and arbitrary to require a $5,000 bond; and that $1,000 would have been ample.

Appellant's principal reliance is upon the broad discretionary powers appertaining to his important office, which we have frequently recognized, notably in State ex rel. Otto v. Field, 31 N. M. 120, 241 P. 1027, and upon the thoroughly established rule that such official discretion cannot be controlled by mandamus, which will enforce only a clear legal right. Carson Reclamation District v. Vigil, 31 N. M. 402, 246 P. 907; State ex rel. Johnson v. Village of Carrizozo, 35 N. M. 597, 4 P.(2d) 922.

Nevertheless, Comp. St. 1929, § 132-184, confers the clear legal right upon a person aggrieved to have an appeal. The commissioner cannot deny such right arbitrarily without becoming amenable to mandamus. He cannot vary the conditions which the statute imposes.

The statute requires a bond "with two or more sufficient sureties." We know of no principle which will support the appellant in the position that a single, paid, corporate surety must be furnished. His discretion to approve or disapprove any proffered sureties is no doubt very broad. It does not extend to disqualifying individual sureties as a class. The statute qualifies them.

The statute prescribes the conditions of the bond: "that appellant shall prosecute said appeal with diligence and effect, and abide by the decision of said court, and pay all costs of such appeal which shall lawfully be adjudged against him." Appellant had no right to demand a bond "to protect the contestants against loss."

The right of appeal does not depend at all upon the merits of the case. It could not be denied for lack of merit, even though all men should agree that it had none.

What the commissioner may not do directly, he may not do by indirection. If, as the trial court was warranted in concluding, appellant's requirements were imposed "to protect the contestants against loss," and because the purpose or effect of the appeal would be to delay his own purpose to grant a new lease to contestants, and because, viewing the merits of the case as he did, he considered it improper or undesirable that the aggrieved person should have an appeal, appellant misconceived the nature and extent of his discretion, and his act was arbitrary within the legal meaning of the term.

This is not a matter within the general discretion of the commissioner in his administration of the state's lands. He was called upon to perform a statutory duty; to approve or disapprove a bond. In such a case the question for his discretion is the sufficiency of the bond to accomplish the statute's purpose. To disapprove the bond as a means of advancing another purpose, however well meant the act, was to deny appellee's statutory right.

The judgment will be affirmed, and the cause remanded.

It is so ordered.

SADLER, BICKLEY, and ZINN, JJ., concur.

HUDSPETH, Justice.

I dissent.