498 P.2d 310

**Jane Etta LEASE, Plaintiff-Appellant,**

**v.**

**The BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY, a Body Corporate, Defendant-Appellee.**

**No. 9394.**

Supreme Court of New Mexico.

June 16, 1972.

John S. Spence, Alamogordo, for appellant.

Darden & Sage, John A. Darden, III, Las Cruces, for appellee.

## OPINION

COMPTON, Chief Justice.

This is an appeal by the plaintiff from an order of the district court discharging an alternative writ of mandamus theretofore issued.

Appellant was employed on April 3, 1967, by appellee as a full-time member of its professional staff within one of its departments. Appellant continued to be so employed, pursuant to temporary appointment contracts for terms of one year each, beginning on July 1 of each subsequent year and ending on the following June 30, until June 30, 1971, at which time the appellee did not renew her contract. Appellant was notified of appellee's decision not to renew her contract on February 10, 1971. Appellant sought relief by an alternative writ of mandamus against the appellee requiring it to reinstate her in her position with the university because she had attained tenured status three years after the commencement of her employment. When the matter came on for hearing on July 23, 1971, appellee moved to dismiss the alternative writ. From an order discharging the writ the plaintiff has appealed.

Appellant advances four points for our consideration in this matter. First, the lower court erred in dismissing the alternative writ of mandamus in that such

782

action constituted a summary judgment which should not have been granted in light of the genuine dispute between the parties. Second, the lower court's refusal to permit the introduction of evidence was error. Third, on the basis of the pleadings and certain exhibits appellant had established that she was entitled to tenure status, and the alternative writ should have been made permanent. Fourth, mandamus is the proper action in light of the appellee's clear legal duty owed to the appellant.

Dispositive of all issues before us is whether mandamus is the proper remedy in this instance. We conclude that it is not, and the trial court should be affirmed.

For mandamus to lie there must be a clear legal right sought to be enforced. As we have stated numerous times in the past, the legal right must be clear. See Schreiber v. Baca, 58 N.M. 766, 276 P.2d 902; State ex rel. Walker v. Hinkle, 37 N.M. 444, 24 P.2d 286; State ex rel. Sittler v. Board of Education, 18 N.M. 183, 135 P. 96; also compare, Witt v. Hartman, 82 N.M. 170, 477 P.2d 608. Here the legal right is that of tenure. Appellant contends that the right to tenure status is clear. We do not agree. We do not see that appellant's claimed tenure is as a result of a positive provision of law, without such provision of law, appellant's claimed legal right is not clear. As this court stated in State ex rel. Sittler v. Board of Education, supra:

> "It is only where the teacher, by positive provision of law, has a fixed tenure of office, or can be removed only in a certain prescribed manner, and where, consequently, it is the plain ministerial duty of a school board to retain him, that mandamus can be maintained."

With these unresolved issues before us we do not see any clear legal right to mandamus. The order of the lower court should be affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.