554 P.2d 665

Clair MILLER and James Thomas, Inc., a New Mexico Corporation, Petitioners-Appellees,

and

Albuquerque Home Builders Association and Albuquerque Board of Realtors, Petitioners in Intervention-Appellees,

v.

CITY OF ALBUQUERQUE, a Municipal Corporation of the State of New Mexico, and the City Commission of the City of Albuquerque, Respondents-Appellants,

and

The New Mexico Municipal League, Respondents in Intervention-Appellants.

No. 10548.

Supreme Court of New Mexico.

Sept. 9, 1976.

Rehearing Denied Sept. 28, 1976.

**504**

James A. Thompson, Asst. City Atty., Albuquerque, for respondents-appellants.

Sutin, Thayer & Browne, Irwin S. Moise, Albuquerque, Richard L. C. Virtue, Santa Fe, for respondents-in intervention-appellants.

Rodey, Dickason, Sloan, Akin & Robb, John P. Salazar, Bradford O. Baugh, Albuquerque, for petitioners and petitioner in intervention Albuquerque Home Builders Assn.

Modrall, Sperling, Roehl, Harris & Sisk, Paul M. Fish, Albuquerque, for petitioner-in intervention Albuquerque Board of Realtors.

## OPINION

MONTOYA, Justice.

This suit was brought in the District Court of Bernalillo County to review a zone change approved by the Albuquerque City Commission. Judgment was entered reversing the decision of the Commission. The City and the intervening respondent New Mexico Municipal League (respondents) appeal.

The landowner James Thomas, Inc. (petitioner) wanted to be able to develop as one unit two adjacent parcels of land, one of which (17.82 acres) was zoned R–3 (multi-family residential) and the other (1.8 acres) which was zoned R–1 (single-family residential). Accordingly, petitioner made application with the City of Albuquerque Environmental Planning Commission (EPC) seeking to have the smaller parcel rezoned to R–3.

At the hearing the EPC deferred the application of petitioner and considered the recommendations of the City Planning Department, which was acting at the direction of the EPC, to rezone the 1.8 acre tract, not to the requested less restrictive R–3, but to a more restrictive SU–1 zoning (special use for planned residential development) with a maximum density of 12 dwelling units per acre. In addition, the Planning Department recommended an expanded zone change to SU–1 for the surrounding area, including the 17.82 acre tract owned by petitioner and zoned R–3 since 1961.

The fee required and the information usually provided with an application for a zone change were not included in the Planning Department's application.

In response to EPC member Hertzmark's question as to the authority of the EPC to "initiate, consider, and act on amendments to the Zoning Map for properties without the concurrence of the property owners," the City's legal department advised the EPC that it was not empowered to so initiate a zone change application.

Nevertheless, on November 11, 1973, the EPC approved its own requested change from R–3 to SU–1 for the 17.82 acre tract.

The City Commission, upon petitioner's application, accepted an appeal from the EPC decision. After a hearing, the Commission denied the appeal by a four to one vote and ratified the EPC's downzoning action. Thereupon, petitioner filed a petition for writ of certiorari in the district

court, requesting review of the City Commission's decision. Based on its findings, the trial court concluded that the City's action was illegal, null, void and of no effect; was a taking or damaging of private property for public use without just compensation contrary to the fifth amendment of the U.S.Const. and art. II, § 20 of the N.M.Const.; constituted a denial of procedural due process contrary to the fifth amendment to the U.S.Const. and art. II, § 18 of the N.M.Const.; constituted a denial of equal protection of the laws as guaranteed by the fourteenth amendment of the U.S.Const. and art. II, § 18 of the N.M.Const. In addition, the trial court found that legislative authority was illegally delegated by the City to the EPC, and the action of the Commission changing the zoning was illegal; that the EPC's action in changing the zoning on its own initiative was without authority because the City's legal department had advised that it could not initiate a zone change request; there was no substantial change in circumstance in the area to justify a zone change; nor was there a mistake in the previous zoning; that the R–3 zoning was reasonable and proper; that the rezoning amounted to illegal spot zoning; and that the old R–3 zoning should be reinstated.

Respondents raise three contentions on appeal: (1) It was error to conclude that the zoning action of the City of Albuquerque constituted a taking or a damaging of private property for public use without just compensation in violation of the fifth amendment to the U.S.Const. and art. II, § 20 of the N.M.Const.; (2) the zoning action was not arbitrary or capricious and was certainly fairly debatable in all respects; and (3) there were no procedural errors in the zoning action that prejudiced petitioner since (a) the City made the zone change application; (b) this zone change application was not spot-zoning; and (c) the actions of the EPC were valid and lawful.

In addition and in response to the foregoing issues, the petitioner argues on appeal that: (1) The EPC acted without authority and beyond its authority in initiating the down-zoning of petitioner's property from R–3 to SU–1; and (2) the actions of the EPC violated procedural due process.

In considering the issues to be resolved, some of the pertinent principles involving the law of zoning should be mentioned. Zoning is defined as "governmental regulation of the uses of land and buildings according to districts or zones." 8 McQuillin Municipal Corporations § 25.-01, at 12 (3d ed. 1965). When used to promote the public interest, it is justified and has been upheld as a legitimate exercise of the police power. *Euclid v. Ambler Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). New Mexico has specifically approved the use of zoning "to protect and promote the safety, health, morals and general welfare." *City of Santa Fe v. Gamble-Skogmo, Inc.*, 73 N.M. 410, 415, 389 P. 2d 13, 17 (1964). As a valid exercise of the police power, zoning is not a compensable taking, even when it results in substantial reduction in the value of property. *Hadacheck v. Los Angeles*, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348 (1915). Any incidental economic loss involved in such a lawful exercise of the police power is merely "the price of living in a modern enlightened and progressive community." *Metro Realty v. County of El Dorado*, 222 Cal.App.2d 508, 518, 35 Cal.Rptr. 480, 486 (1963).

Only if the governmental regulation deprives the owner of all beneficial use of his property will the action be unconstitutional. *Metropolitan Dade County v. Greenlee*, 224 So.2d 781 (Fla.App.1969). Such is not even suggested to be the case here.

Therefore, it was error for the trial court to conclude that the zoning action of the City of Albuquerque constituted a taking or damaging of private property for the public use without just compensation in violation of the U.S.Const. or art. II, § 20 of the N.M.Const.

Before proceeding to a consideration of the issue of denial of procedural due process, we think it appropriate to set out the controlling principles regarding amendments to a zoning ordinance as contrasted to ordinances enacting comprehensive zoning.

█ Legal writers on zoning as well as the courts have found a substantial distinction between the two procedures. The rule, insofar as amendments to a zoning ordinance are concerned, is stated in 8 McQuillin, supra, § 25.67b, at 178, as follows:

> ⁻ "The fundamental justification for an amendatory or repealing zoning ordinance is a change of conditions making the amendment or repeal reasonably necessary to protect the public interest. Also, a zoning amendment may cover and perfect previous defective ordinances or correct mistakes or injustices therein."

██ Two considerations are involved in the reason for the above rule. First, there is the presumption that the initial determination of the type of zoning for the property involved is the correct one. The second reason is that, even though a landowner has no vested right in a particular zoning classification for his property and his property is subject to rezoning, he still has a right to rely on the requirement that anyone seeking to rezone his property to a more restrictive zoning must show that either there was a mistake in the original zoning or that a substantial change has occurred in the character of the neighborhood since the original zoning to such an extent that the reclassification or change ought to be made. Additionally, there is the desirable stability of zoning classifications upon which the property owner has a right to rely, since property may be purchased and sold or uses of the property undertaken in reliance on existing classifications. We do not want to be understood as saying that a property owner has a vested right in a particular zoning classification but do want to emphasize that, before a piecemeal zoning change is sought, the above principles and considerations must be taken into account, particularly when the zoning change of a piece of property is sought by the zoning authority instead of by the owner of the property affected.

█ Further discussion of the other issues raised is not necessary as the EPC acted beyond its authority in initiating the zone change request, contrary to its own established procedures for accepting zone change applications and, as a consequence, denied petitioner, in violation of the requirements of due process, a meaningful and impartial hearing on his properly submitted zone change application.

Even if, as respondent claims, the City Planning Department rather than the EPC "initiated" the zone change application, it is clear that the Planning Department acted at the express direction of the EPC and, in any event, the application was made without the concurrence of any of the landowners whose interests were involved.

Regardless of the disputed agency status of the Planning Department in filing the recommendation, the EPC considered the application in undenied disregard of the advice of the City Attorney that the EPC was without authority to do so. Even if, in fact, the EPC had had the authority to entertain the application in question, the fact remains that the application, in failing to include the filing fee as well as failing to state the reason for the request, a general description of the project, project details and legal description and location (all as required by § 25 of Commission Ordinance No. 2726, "The Comprehensive Zoning Ordinance" adopted October 12, 1965, by the Albuquerque City Commission), was deficient in a manner and to a degree that, if it had been filed by an ordinary landowning applicant, might well have resulted in its being returned.

█ In short, the EPC acted with knowledge that its action in initiating and

considering the expanded zone change request was without authority and, in doing so, failed to follow the City zoning ordinance, its own procedures, and the requirements imposed upon others. This type of conduct from a governing body is impermissible. A municipal legislative body is bound to follow the regulations it has adopted, in the exercise of its delegated legislative power.

" * * *. The fact that it might have rezoned the area, upon due notice and after hearing, does not alter its obligation to adhere to existing regulations, or authorize it to make special exceptions in individual cases. * * *"

*County Com'rs of Anne Arundel County v. Ward*, 186 Md. 330, 340, 46 A.2d 684, 689 (1946).

 If a zoning body is going to attempt to participate in the decision-making process as both petitioner and judge, the very least that can be expected is that it will play the game according to its own rules. This was not done here, and the failure to comply with its own published procedures was fatal to the decision of the EPC. See *McArthur v. Zabka*, 177 Colo. 337, 494 P.2d 89 (1972). Nor was the subsequent "ratification" by the City Commission effective to correct the error since an invalid act cannot be made valid by ratification. Mills v. Sweeney, 219 N.Y. 213, 114 N.E. 65 (1916); *City of Syracuse v. Snow*, 123 Misc. 568, 205 N.Y.S. 785 (1924).

By failing to comply with its own published procedures, specifically by failing to give reasons for the proposed change, the EPC deprived petitioner of notice and the opportunity to prepare an adequate defense. This was a denial of procedural due process.

By hearing its own application without providing petitioner with the protection of the procedural safeguards implicit in compliance with existing standards, the EPC deprived petitioner of his right to a meaningful and impartial decision-maker. This,

too, was a denial of procedural due process.

A discussion of the other issues raised is unnecessary, in view of our disposition of the appeal on grounds of procedural due process.

In view of the foregoing, the decision of the trial court is affirmed to the extent that it found a denial of due process, and also to the extent that it found the action taken by the EPC to be in excess of the delegated authority conferred upon it. In addition, we reverse the decision of the trial court with respect to its finding that there was a taking of private property for public use without just compensation, in violation of the U.S. and N.M.Constitutions.

The cause is remanded to the district court for such proceedings as are consistent with the views expressed herein.

IT IS SO ORDERED.

McMANUS and EASLEY, JJ., concur.