754 P.2d 1211

In the Matter of the Subdivision Application of SUNDANCE MOUNTAIN RANCHES, INC.

CHILILI COOPERATIVE ASSOCIATION,
Appellant,

v.

SUNDANCE MOUNTAIN RANCHES, INC., Appellee.

No. 9583.

Court of Appeals of New Mexico.

March 22, 1988.

Certiorari Denied May 18, 1988.

Edward J. Apodaca, Edward J. Apodaca & Associates, Albuquerque, for appellee Sundance Mountain Ranches, Inc.

Narciso Garcia, Jr., Toulouse, Toulouse & Garcia, P.A., Albuquerque, for appellant Chilili Co-op. Ass'n.

## OPINION

DONNELLY, Chief Judge.

Chilili Cooperative Association (Chilili) appeals from a district court decision affirming the Bernalillo County Commission's (Commission) approval for Unit 1 of the subdivision application of Sundance Mountain Ranches, Inc. (SMR). The single issue presented on appeal is whether the subdivision application was controlled by ordinances and regulations in effect at the time the application was submitted or by ordinances and regulations in effect at the time of the district court hearing. The trial court decided that the application was controlled by the regulations in effect in 1983 when the application was submitted and initially heard by the Commission. We affirm.

In July 1983, SMR submitted an application for approval of a proposed subdivision to the Bernalillo County Planning Commission, under the terms and conditions of the existing county subdivision ordinances. The Planning Commission approved the development of Unit 1 in October 1983, and on November 15, 1983, the plan was formally approved by the Bernalillo County Commission. On December 8, 1983, Chilili appealed the Commission's approval of the plan to the Bernalillo County District Court

pursuant to NMSA 1978, Section 47–6–15 (Repl.Pamp.1982).

On February 21, 1984, the Commission enacted a new subdivision ordinance (No. 1984–10), which imposed development provisions and which were more restrictive in nature than those in effect at the time SMR obtained Commission approval for development of Unit 1. Subsequently, after a hearing in the district court, the court found that the Commission had failed to provide Chilili and others with reasonable notice of its hearing on SMR's application and ordered that the matter be remanded to the Commission with directions to conduct a new hearing. Upon remand, the new ordinance was not considered.

Following reconsideration, the Commission again issued its approval for development of Unit 1 of the proposed subdivision. Thereafter, Chilili filed another appeal to the district court. In July 1986, the district court issued an order affirming the Commission's approval. The district court recited in its order:

> [T]he court finds the issue to be whether the County Commission at the second hearing should apply the law which was in effect at that time or the law which was in effect at the time of the initial [Commission] hearing.
>
> The court * * * rules that the law to be applied was the law which was in effect at the time of the first hearing.

■ On appeal, Chilili argues that the Commission and the district court erred in approving development of Unit 1 of the subdivision because they failed to apply the 1984 ordinance and instead applied the former law. Appellant has attached documents to its brief-in-chief and requested this court to consider them as part of the record on appeal. In the absence of a stipulation of the parties or the inclusion of these items in the record, we will not consider these matters on appeal. Briefs are not the proper method to establish facts on appeal. *Poorbaugh v. Mullen,* 99 N.M. 11, 653 P.2d 511 (Ct.App.1982). Matters not contained in the record are not before the court on appeal. *State ex rel. Alleman v.*

*Shoats,* 101 N.M. 512, 684 P.2d 1177 (Ct. App.1984).

Specifically, Chilili contends that although SMR applied for subdivision approval prior to enactment of the new ordinance, the effect of the district court's order remanding the application to the Commission for a new hearing was to void approval of SMR's application and relegate it to its initial application stage. Thus, Chilili asserts that SMR never acquired a vested interest in the form of a valid permit for development of Unit 1 and that it was required to comply with the new ordinance. *See Nesbit v. City of Albuquerque,* 91 N.M. 455, 575 P.2d 1340 (1977); *Miller v. City of Albuquerque,* 89 N.M. 503, 554 P.2d 665 (1976). Chilili concedes that a subdivision may be immune to the provisions of a subsequent amendment to a subdivision act if the newly-enacted provision either contains a savings clause or grace period, or if the applicant has detrimentally relied on the ordinance so that the Commission is estopped to deny reliance. Chilili asserts, however, that these factors do not apply in the present case.

SMR contends that the Commission and the district court correctly refused to apply the provisions of the newly-adopted county subdivision ordinance because the ordinance contained no provision authorizing retroactive application and that the provisions of the new ordinance should only be given prospective application. SMR further asserts that its expenditures, change of position, and reliance on the old ordinance prevent retroactive application of the new ordinance.

■ Zoning restrictions and rules and regulations establishing standards for the subdividing or developing property constitute two different methods of control utilized by local public bodies to assure that land use will not adversely affect the general health, safety and public welfare. *See* 4 A. Rathkopf, D. Rathkopf, *The Law of Zoning and Planning* § 64.02 (4th ed. 1987). Zoning and planning, however, are not interchangeable terms. Planning involves the systematic development of lands within a city or county in such manner that

a landowner's development of his property will be consistent with the general welfare of other inhabitants, while zoning is concerned primarily with the use of property. *See Forest Constr. Co. v. Planning & Zoning Comm'n*, 155 Conn. 669, 236 A.2d 917 (1967). Generally, zoning laws control the immediate use of land, while planning restricts transferability and future use. *Id.* While zoning and planning differ from each other in significant respects, they are related exercises of the police power, and similar legal principles apply to both fields. 4 A. Rathkopf, D. Rathkopf, *supra*, at § 66.08.

■ Generally, issuance of written approval for a proposed subdivision or building permit, together with a substantial change in position in reliance thereon, is required before vested rights arise. NMSA 1978, § 3–20–6 (Repl.1985); *El Dorado at Santa Fe, Inc. v. Board of County Comm'rs*, 89 N.M. 313, 551 P.2d 1360 (1976) (governmental body may be estopped to enforce newly-adopted regulations to a proposed subdivision, where property owner is shown to have reasonably relied on county's grant of approval and has incurred extensive obligations in reliance thereon); *Miller v. City of Albuquerque* (generally, vested rights do not arise as to a particular zoning classification); *Aragon & McCoy v. Albuquerque Nat'l Bank*, 99 N.M. 420, 659 P.2d 306 (1983) (property owners generally have no vested rights in a specific zoning classification).

In *Raley v. California Tahoe Regional Planning Agency*, 137 Cal.Rptr. 699, 68 Cal.App.3d 965 (1977), the court articulated the general rule applicable where changes in the law have occurred following a landowner's application for a building permit or authorization for land development. The court stated in part:

> Generally, a property developer is vulnerable to shifts in zoning or other land use regulations occurring during the preparatory stages of his project. By issuing approvals preparatory to a building permit, the government makes no representation that the developer will be exempt from changing land-use regulations; he

must comply with the ordinances in effect at the time he secures a building permit. Once the developer secures a building permit and expends a considerable sum of money in reliance on it, he may acquire a vested right which protects him against shifting governmental regulation.

*Id.* at 705, 68 Cal.App.3d at 975, (citations omitted).

In *El Dorado at Santa Fe, Inc. v. Board of County Commissioners,* the New Mexico Supreme Court discussed the effect of regulations adopted pursuant to a new subdivision law after a proposed subdivider has submitted its application seeking approval of the subdivision. After submission of the subdivider's initial application, the county approved plans covering approximately one-third of the subdivision and declared that it would grant final plat approval for the remainder of the subdivision when the subdivider had sold at least one-half of the lots situated in the portion of the subdivision which had been approved. After the subdivider had sold more than one-half of the lots, it applied for plat approval for the remaining portion of the proposed subdivision. The Board of County Commissioners refused and instead approved only a part, indicating that its approval for the remainder would be subject to the imposition of additional conditions. Subsequently, the 1973 New Mexico Subdivision Act was enacted and the county adopted regulations further restricting subdivision development. The subdivider filed a mandamus action seeking, in part, to compel county approval of the additional portion of the proposed subdivision under the conditions and provisions of the subdivision act which had been in effect when it obtained initial plat approval. The district court quashed the alternative writ. On appeal the supreme court reversed, holding that the newly-adopted county subdivision regulations promulgated after the effective date of a new subdivision law were ineffective as to that subdivision. The court stated in part:

> Upon compliance with the statutory prerequisites to subdivision and sale by a subdivider, followed by a determination

of the board of county commissioners that such compliance had in fact occurred, rights vest in the subdivider which cannot thereafter be withheld, extinguished or modified except upon due process of law.

89 N.M. at 319, 551 P.2d at 1366.

Our supreme court in *State ex rel. Edwards v. City of Clovis*, 94 N.M. 136, 607 P.2d 1154 (1980), has also recognized a constitutional restriction which limits application of a new or amended ordinance so as to affect the disposition of a matter which is pending on appeal. In *Edwards*, plaintiff brought suit by mandamus to compel the city of Clovis to enforce its ordinance prohibiting the raising of swine within the municipality. After plaintiff filed suit, the city passed a new ordinance which authorized swine to be kept in the city and in an area which was in close proximity to plaintiff's residence. The district court denied plaintiff's application for a permanent writ of mandamus. On appeal, the supreme court reversed, holding that Article IV, Section 34 of the New Mexico Constitution prohibits the application of the newly-enacted ordinance so as to affect the outcome of a pending action. The court also stated: "a City cannot, by enacting an ordinance,

affect or change *what would be the result of a pending action before the City Council or Commission or the result of a pending case in court,* based upon valid ordinances existing at the time of the application or suit." *Id.* at 138, 607 P.2d at 1156, (emphasis added).

The rule recognized in *Edwards* is applicable to the instant case. Under Article IV, Section 34 of the New Mexico Constitution, the trial court correctly refused to apply the provisions of the 1984 county ordinance so as to change the outcome of the present proceeding.

We have considered each of appellant's remaining arguments and find them without merit.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.