This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40374

**FAIRWAY VILLAGE NEIGHBORHOOD COUNCIL, INC.,**

Appellant-Respondent,

v.

**BOARD OF COMMISSIONERS OF DOÑA ANA COUNTY,**

Appellee-Petitioner,

and

**PICACHO HILLS DEVELOPMENT COMPANY,**

Interested Party.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

Karen E. Wootton Legal Services, P.C.
Karen E. Wootton
Las Cruces, NM

for Respondent

Macke Law & Policy, LLC
Daniel J. Macke
Albuquerque, NM

for Petitioner

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** The Board of County Commissioners of Doña Ana County (Board) appeals from a district court order reversing the Board's approval of a zoning change. The Board contends the district court erred by (1) finding that the Board was required to make independent or separate findings rather than adopting findings and conclusions prepared by county development staff, and (2) concluding the Board's decision was not supported by substantial evidence. For the reasons that follow, we affirm the district court's order reversing the Board's decision.

**BACKGROUND**

**{2}** In June 2021, the Doña Ana County Planning and Zoning Commission (the Commission) denied an application by Picacho Hills Development Company for a zoning change for a 4.56 acre parcel of land located at 1200 Fairway Village Drive in Doña Ana County. Picacho Hills sought to upzone the parcel from D3 (high density residential) to C2 (community commercial) to allow for the development of a recreational vehicle storage facility on the land. In September 2021, the Board, acting in an appellate capacity, held a de novo public hearing on the Commission's decision to deny the zone change. During the hearing, the Board heard testimony from a Picacho Hills representative, community development department staff, and community members opposed to the zoning. The Board voted to reverse the Commission's decision and approve the zone change, finding that the proposed development was consistent with the Doña Ana County Comprehensive Plan and the zone change was appropriate and reasonably necessary to protect the public interest. The Board also found that there was a "substantial change in conditions in the surrounding area." Furthermore, the Board noted that the zone change was not "spot zoning" and would be beneficial to residents in the area by increasing the availability of RV storage.

**{3}** Fairway Village Neighborhood Council, Inc. are nearby homeowners who oppose the zone change and development of an RV storage facility on the land. Following the Board's decision, Fairway Village appealed the Board's approval of the zone change to the district court.

**{4}** The district court, acting in an appellate capacity pursuant to Rule 1-074 NMRA, reversed the Board's decision and denied Picacho Hills's application for a zone change. In a letter decision, the district court stated that the Board's order approving the zone change "merely parrots [the Board's] staff's conclusions without any analysis or citation to the record to support those conclusions" and noted that the Board did not discuss the standards for zoning changes set forth in *Albuquerque Commons Partnership v. City Council of Albuquerque*, 2008-NMSC-025, 144 N.M. 99, 184 P.3d 311, or *Miller v. City of Albuquerque*, 1976-NMSC-052, 89 N.M. 503, 554 P.2d 665, "in such a way as to show that the [Board] complied with the applicable legal standard necessary to justify a zoning change." We granted the Board's Rule 12-505 NMRA petition for writ of certiorari review.

**DISCUSSION**

**{5}** "When reviewing an agency decision by writ of certiorari, we apply the same standard of review applicable to the district court under Rule 1-074(R) NMRA . . . while at the same time determining whether the district court erred in the first appeal." *Ann Morrow & Assocs. v. N.M. Hum. Servs. Div.*, 2022-NMCA-060, ¶ 7, 517 P.3d 965 (internal quotation marks and citation omitted). This Court will affirm an agency's decision unless (1) the agency acted fraudulently, arbitrarily, or capriciously; (2) based upon the whole record on appeal, the agency's decision was not supported by substantial evidence; (3) the agency's action was outside its scope of authority, or (4) the agency's action was not in accordance with law. Rule 1-074(R).

**{6}** The zoning change at issue must be justified by (1) a change in conditions in the community that make the amendment reasonably necessary to protect the public interest, (2) a mistake in the original zoning, or (3) a showing that the zoning change is more advantageous to the community compared with other available property. *Albuquerque Commons*, 2008-NMSC-025, ¶¶ 25, 30; *Miller*, 1976-NMSC-052, ¶ 14. The Board's order indicates that it relied on the first justification, change in community conditions. The district court determined that the Board's finding was not supported by substantial evidence. The district court noted that the Board, "in their formal order adopting recommendations from its staff, found that . . . there had been a substantial change in the area since 1999 through the existence of the golf course, clubhouse, and wastewater plant." The court noted, however, that the golf course, clubhouse, and wastewater plant had all been in existence since 1979 and predate the most recent zoning classification for the area, which occurred in 2017. The court concluded, "There was no evidence to show any substantial change in the area's uses or activities since the most recent zoning adoption." *See Miller*, 1976-NMSC-052, ¶ 15 (noting that in order to show a change in community conditions, there must be a substantial change in the character of the neighborhood "since the original zoning to such an extent that the reclassification or change ought to be made"). The Board has not challenged this aspect of the district court's decision on appeal to this Court, and has not directed us to any evidence in the record of post-2017 activity supporting its finding that a change in conditions justify the zoning change. Consequently, we affirm the district court's determination that the Board's action was not supported by substantial evidence.

**{7}** The Board argues that even if the change in condition analysis fails, its decision is affirmable under the third justification, that the change is advantageous to the community. *See Albuquerque Commons*, 2008-NMSC-025, ¶ 30. We note that the Board does not appear to have relied on this justification when reaching its decision. Nevertheless, on the merits, the "public need" justification also fails because it is unsupported by substantial evidence in the record. The Court in *Albuquerque Commons* noted that "the proof in such a case would have to show, at a minimum, that (1) there is a public need for a change of the kind in question, and (2) that need will be best served by changing the classification of the particular piece of property in question as compared with other available property." *Id.* (internal quotation marks and citation omitted). While the Board argues that the proposed RV storage facility would "fill the

need of the surrounding community, as there is limited storage of this type that is not already at capacity available in this area," it has not pointed to any evidence in the record supporting the second prong. The Board's briefing likewise fails to address how this need will be best served by changing the classification of this *particular* piece of property. Consequently, the Board has not demonstrated that the zoning change was justified based on the benefit to the community under the criteria required by *Albuquerque Commons*.

{8}   In sum, after a thorough review of the parties' briefs and a whole record review of the proceedings below, we affirm the district court's order reversing the Board's decision and denying Picacho Hills' application for a zone change. The Board has not demonstrated that the zoning change was justified under any of the criteria set forth in *Albuquerque Commons* and *Miller*, or that the district court erred in concluding that the Board's actions are arbitrary, capricious, and not supported by substantial evidence.

**CONCLUSION**

{9}   We affirm the district court's order reversing the Board's decision.

**{10}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**